Rosa Bruszacynaska, Appellant, *v.* Selma Ruby, Respondent.

Submitted November 27, 1944; decided January 16, 1945.

*Max Tachna* and *Myron Goldman* for appellant. Defendant lessor retained sufficient possession and control of the premises at the time of the accident to render her liable for plaintiff's injuries. (*Kilmer* v. *White,* 254 N. Y. 64; *Pharm* v. *Lituchy,* 283 N. Y. 130; *Beauchamp* v. *Excelsior Brick Co.,* 143 App. Div. 48; *Antonsen* v. *Bay Ridge Savings Bank,* 292 N. Y. 143; *Relihan* v. *Felson,* 48 N. Y. S. 2d 736.)

*H. H. Brown, Arthur N. Blair* and *E. C. Sherwood* for respondent. Defendant was not in control of the premises at

the time of the accident. (*Cullings* v. *Goetz,* 256 N. Y. 287; *Schick* v. *Fleischhauer,* 26 App. Div. 210; *Kushes* v. *Ginsberg,* 99 App. Div. 417, 188 N. Y. 630; *Werter* v. *Samsky,* 268 App. Div. 913.)

*Per Curiam.* Whether or not control of the premises had passed from the lessor to the lessee was a question of fact which was determined adversely to the defendant by the trial court. It was a fair inference from the evidence that such control had not passed. We do not decide the question whether if there had been technical abandonment of control by the lessor, there would still be liability on her part. (See Restatement of the Law of Torts, § 353; *Kilmer* v. *White,* 254 N. Y. 64.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment accordingly.